ERNEST E. PRICE (SBN 164534), eprice@ropers.com
ARNOLD E. SKLAR (SBN (51595), asklar@ropers.com
**ROPERS, MAJESKI, KOHN & BENTLEY**
515 South Flower Street, Suite 2100
Los Angeles, CA 90071
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001

Attorneys for INKJETMALL.COM, LTD. and
JONATHON CONE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| (Original Complaint) | Case No. 02 CV 2258B (AJB) |
|---|---|
| SUNDANCE IMAGE TECHNOLOGY, INC. ("SUNDANCE"), and R9 CORPORATION ("R9"),<br><br>Plaintiffs,<br><br>v.<br><br>CONE EDITIONS PRESS, LTD. ("CEP")<br><br>Defendant. | *EX PARTE* APPLICATION TO EXTEND LAST DATE TO FILE MOTIONS, DECLARATION OF ARNOLD SKLAR; [PROPOSED] ORDER<br><br>Courtroom: A<br><br>Motion Cut-Off Date: October 30, 2006<br>Trial Date:   March 5, 2007<br><br>*Magistrate Judge: Anthony J. Battaglia* |
| AND ALL RELATED COUNTER-CLAIMS | Judge: Honorable Rudi Brewster |
| (Modified/Amended/Severed Action)<br><br>SUNDANCE and R9,<br><br>vs.<br><br>JONATHAN CONE, and INKJETMALL.COM, LTD. | |
| (Modified/Severed Counter/Action)<br><br>IJM<br>          vs.<br><br>GARY ROGERS, d/b/a/ SUNDANCE and d/b/a/ R9; SUNDANCE and R9 | |

LA/223854.1/KTK

- 1 -

*EX PARTE* APPLICATION TO CONTINUE LAST DATE TO FILE MOTIONS – 02 CV 2258B (AJB)

Defendants INKJETMALL.COM ("IJM") and Jonathon Cone ("Mr. Cone") apply, *ex parte*, for an Order extending the time to file motions. Notice of this Application has been given to counsel for Plaintiffs. Plaintiffs do not oppose this Application; opposing counsel has stated orally that he would sign a stipulation but is out of town until October 24, 2006.

A.   REASON FOR EX PARTE RELIEF:

This Application seeks to briefly extend the last date to file a pre-trial motion in order to receive and review Supplemental Discovery responses recently ordered by the court prior to filing a dispositive motion. A noticed motion to amend the current schedule could not be heard before the motion cut-off date.

On October 16, 2006 the court ordered Plaintiffs to supplement certain discovery responses. Defendants received electronic notice of the Order on October 19, 2006. Plaintiffs' Supplemental Responses are due November 1, 2006. Under the current schedule, October 30, 2006 is the last day to file motions. Receiving and considering any information in the Supplemental Responses may affect a dispostive motion.

B.   REASON FOR EXTENDING MOTION DATE:

Defendants promptly initiated the meet and confer process and when that was unsuccessful promptly prepared its motion to compel and made every effort to receive an earlier hearing date. The purpose for extending the motion cut-off date is to allow a review of any evidence that may be identified in the Supplemental Responses for its effect, if any, on a dispositive motion.

Based on present information known to Defendants a dispositive motion as to two claims is appropriate. However, it is possible that information in the Supplemental Responses may determine that a dispositive motion should not be brought or that it should be brought as to only one claim.

Plaintiffs have until November 1, 2006, to supplement their responses. Under the current schedule, Defendants will either have to file a dispositive motion based on its current assessment of evidence but not knowing what Plaintiffs may later identify, or be deprived of a dispositive motion. The former could be an unnecessary burden (in whole or in part) on the court and the

parties; the latter defeats the purpose of Rule 56. "[S]ummary judgment for a Defendant is appropriate when the Plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial.'" *Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 119 S. Ct. 1597, 1603, 143 L.Ed. 2d 966 (1999) citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed. 2d 265, 106 S. Ct. 2548 (1986). The purpose of Rule 56 of the Federal Rules of Civil Procedure (summary judgment) is to determine if a trial is actually required. *Wynne v. Tufts Univ. School of Medicine*, 976 F.2d 791, 794 (1st Cir. 1992). A dispositive motion "allows the courts and litigants to avoid full-blown trials in unwinable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources." *McCarthy v. Northwest Airlines*, 56 F.3d 313, 314-315 (1st Cir. 1995); Moore's Federal Practice § 56.02.

For that reason, Defendants request that the last day to file a dispositive motion be extended to November 15, 2006. No other dates in the Scheduling Order need be affected (the parties may have their conference on pre-trial disclosures even while a dispositive motion is pending, depending on the court's hearing calendar, but that is preferable to precluding any motion that may dispose of an issue and thereby reduce trial time).

C.  **GOOD CAUSE EXISTS:**

Fed. R. Civ. Proc. 16(b) provides that a court may grant a motion modifying or enlarging the deadlines in a scheduling order, including trial, upon a showing of good cause.

District court have broad discretion in administering their dockets and may grant continuances for good cause. *U.S. v. Saccoccia*, 58 F. 3d 754, 70 (1st Cir. 1995). "Good Cause" for purposes of the Rule means that the scheduling order cannot be reasonably met despite the party's diligence. *Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998). The focus on the Court's "good cause" inquiry is on the requesting party's reason for the modification. *Id.* Events occurring after the entry of a scheduling order which were reasonably unforeseeable may suffice to establish good cause. *See, e.g., Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1220-21 (D. Kan. 1995) (discovery of ground for additional cause of action ten

weeks after deadline had passed for amendment of pleadings established good cause for extension).

      Defendants could not anticipate that Plaintiffs would not respond to the requested discovery, especially the documents constituting libel and persons who did not purchase because of alleged derogatory statements. Defendants have diligently attempted to obtain discovery from Plaintiffs in anticipation of the possibility of bringing a dispositive motion. Defendants also attempted to obtain a hearing date on its motion to compel earlier than the date ultimately assigned by the court.

      While denial of the requested extension would prejudice Defendants, granting the requested extension prejudices neither party. Plaintiffs agreement to the requested extension strongly suggests that Plaintiffs do not believe they will be prejudiced. If Plaintiffs produce admissible evidence that supports their claim(s), a dispositive motion might not be brought. If Plaintiffs present no evidence, a dispositive motion *should* be brought.

      WHEREFORE, IJM and Mr. Cone request that the motion cut-off date be extended to November 15, 2006.

Dated:    October 20, 2006           Respectfully submitted,

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
ERNEST E. PRICE
ARNOLD E. SKLAR
Attorneys for INKJETMALL.COM and
JONATHON CONE

### ORDER

The last date to file dispositive motions is extended to November 15, 2006.

Date: __10/30__, 2006      _____
Hon. Anthony J. Battaglia, Magistrate Judge
UNITED STATES DISTRICT COURT JUDGE

## DECLARATION OF ARNOLD SKLAR

I, ARNOLD SKLAR declare:

1. I am an attorney for the law firm of Ropers, Majeski, Kohn & Bentley, counsel of record for Defendant INKJETMALL.COM, LTD in the within matter. I am licensed to practice in all the courts of the State of California. I make the following Declaration of my personal knowledge; including I could and would testify competently and of my own personal knowledge to the following.

2. I attempted to get a hearing date for the motion to compel sooner the date ultimately assigned, but I was delayed because of difficulty reaching opposing counsel to meet and confer regarding inadequacy in responses to interrogatories.

3. On October 19, 2006, I received electronic notification from the Court of entry of the Order of October 16, 2006, ordering Plaintiffs to supplement their responses to certain discovery requests.

4. On October 20, 2006, I spoke by telephone with Philip Dyson, attorney for Sundance Image Technologies and R9, to inform him I intended to file an *ex parte* application to extend the cut-off date to file dispositive motions, and asked if he would oppose. I understood Mr. Dyson to say that he did not oppose such an extension and that he would sign a stipulation. He also informed me that he was out of town until next Tuesday [October 24, 2006].

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2006, at Los Angeles, California.

ARNOLD SKLAR

| | |
|---|---|
| CASE NAME: | SUNDANCE IMAGE TECHNOLOGY, INC. v. CONE EDITIONS PRESS, LTD. |
| ACTION NO.: | 02 CV 2258 B (AJB) |

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 515 South Flower Street, Suite 1100, Los Angeles, CA 90071. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**EX PARTE APPLICATION TO EXTEND LAST DATE TO FILE MOTIONS; DECLARATION OF ARNOLD SKLAR; [PROPOSED] ORDER**

[X] (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

[X] **(BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.**

[ ] (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ] (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight de.

livery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Phillip H. Dyson, Esq.               Attorneys for *Plaintiff*
Paul Grinvalsky, Esq.
OFFICES OF PHILIP H. DYSON
8461 La Mesa Blvd.
La Mesa, CA 91941-5335
Phone: (619) 462-3311
Fax: (619) 462-3382

[X] *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 20, 2006, at Los Angeles, California.

*Cheryl Scranton*
CHERYL SCRANTON

LA/177319.1/VM1

PROOF OF SERVICE